UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RASHEEN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1310 CDP |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Petitioner is an inmate at the Southeast Correctional Center in Charleston, Missouri. In 2013, petitioner pleaded guilty to first-degree robbery, armed criminal action, resisting arrest, unlawful use of a weapon, unlawful possession of a firearm, and receiving stolen property. Petitioner was sentenced to an aggregate sentence of 18 years imprisonment. Petitioner did not file a direct appeal. Petitioner later filed a *pro se* post-conviction motion to vacate, set aside, or correct his judgment and sentence under Missouri's Criminal Rule 24.035. Counsel was appointed to represent him, and petitioner filed an amended Rule 24.035 motion alleging that his counsel was ineffective for failing to adequately argue that his co-defendant only received an aggregate sentence of 15 years imprisonment. During petitioner's sentencing hearing, counsel argued that petitioner should receive the same 15-year sentence as his co-defendant. The prosecutor requested a 30-year sentence and mistakenly stated that petitioner's co-defendant received an 18-year sentence. The

prosecutor also argued that petitioner's prior criminal history and conduct during the arrest warranted a higher sentence than his co-defendant. Counsel did not correct the record with respect to petitioner's co-defendant's sentence.

The trial court denied the motion and held that petitioner did not receive ineffective assistance of counsel. The trial court stated that it did not sentence petitioner to 18 years imprisonment based upon a mistaken belief that his co-defendant had also received the same sentence. Instead the court "imposed the sentence based on the sentencing assessment report, movant's own criminal history, and movant's own conduct during and after the robbery." [8-2 at 53].

Petitioner appealed the denial of his Rule 24.035 motion. The Missouri Court of Appeals affirmed the denial of post-conviction relief in an unpublished opinion dated May 17, 2016, concluding that petitioner did not receive ineffective assistance of counsel. [8-5].

In his petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner raises the following ground for relief:

> 1) ineffective assistance of trial counsel because his attorney did not adequately present evidence that he should receive the same 15-year sentence as his co-defendant.

Petitioner is not entitled to any relief under § 2254 for the reasons set out below.

# Background Facts

The Missouri Court of Appeals summarized the underlying facts of petitioner's case as follows:

> In the underlying criminal case, Movant was charged as a prior and persistent offender with first degree robbery, armed criminal action, resisting arrest, unlawful use of weapon by exhibiting a firearm in an angry and threatening manner, unlawful possession of a firearm, and misdemeanor receiving stolen property. At the plea hearing, the prosecutor offered the following factual basis for the Movant's guilty plea: Movant and his co-defendant entered a bank, each with a gun and wearing hooded sweatshirts pulled over their heads. One of them jumped on the counter and pointed a gun at the clerk, and they took more than $32,000 from the bank. Witnesses described a getaway car, which was later located and followed by a police officer. When Movant and his codefendant got out of the car and ran into an alley, the police officer chased after them. Movant's codefendant stopped and lay on the ground, and the police officer pointed his gun at him. Movant then pointed a gun at the officer, and the officer fired shots at Movant. Movant fled but was eventually caught in a vacant home. The money and guns were located inside of the getaway car.
>
> Movant pled guilty to all six charges. At the sentencing hearing, the prosecutor asked for a total of thirty years imprisonment based upon Movant's actions during the crime and his prior criminal record. Movant's counsel asked for a fifteen-year sentence and noted that Movant's co-defendant had previously been sentenced to fifteen years. Movant's counsel suggested that Movant was "more going along with [his codefendant] in this thing" and that Movant's criminal history would offset his lesser role in the crime. The prosecutor explained that it was her understanding that Movant's codefendant got eighteen years. She also noted that Movant's codefendant had fewer prior convictions and made a statement after the crime indicating that the events alleged were Movant's idea. The prosecutor also noted that Movant's codefendant "immediately laid on the ground and stopped" whereas Movant pointed a gun at a police officer and fled. Movant's counsel did not correct the prosecutor's assertion that Movant's codefendant received an eighteen-year sentence. Rather, Movant's counsel argued that Movant's

> codefendant tried everything he could to mitigate his sentence and blame Movant. Counsel added, "But I don't think that was the situation." The court noted that it considered "the arguments of counsel for defendant as well as the recommendations of the State and the pre-sentence assessment investigation" and sentenced Movant to a total term of imprisonment of eighteen years on all six counts.

[8-5 at 1-2].

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

4

claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10–11 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular

5

case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)

(quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). This standard is difficult to meet. *Metrish*, 569 U.S. at 357-58.

## Discussion

Petitioner argues that he received ineffective assistance of counsel because his attorney failed to adequately argue that he should receive the same 15-year sentence as his co-defendant. Petitioner raised this claim in his Rule 24.035 motion and on appeal of its denial to the Missouri Court of Appeals, which rejected it as follows:

> Movant filed a pro se motion for post-conviction relief. The court appointed counsel, who timely filed an amended motion for post-conviction relief, seeking to set aside his guilty plea based upon ineffective assistance of counsel. Movant alleged his plea and sentencing counsel failed to object or take remedial action when the prosecutor falsely stated that Movant's codefendant received a sentence of eighteen years. Movant alleged that his codefendant actually received a total of fifteen years imprisonment and that Movant was prejudiced because there was reasonable probability that the court would have sentenced him more leniently had it known that Movant's codefendant was sentenced to fifteen, not eighteen, years. Attached to this motion is a letter from counsel stating his belief that the State's indication that Movant's codefendant had already received an eighteen-year sentence "was a deciding factor for the judge."
>
> The motion court, presided over by the same judge who sentenced Movant, issued its findings of fact and conclusions of law denying Movant's post-conviction motion without an evidentiary hearing. The court noted that Movant was sentenced to "eighteen years based on a sentencing assessment report and after considering the arguments of counsel. The Court imposed a sentence of eighteen years rather than fifteen years as asked for by defense counsel because of [M]ovant's prior convictions, including a conviction for first degree robbery, and because [M]ovant pointed a gun at the police officer

7

attempting to arrest him."

The motion court found Movant's ineffective assistance of counsel claim to be without merit "because the sentence imposed on [M]ovant was not based on the Court's belief that [M]ovant was receiving the same sentence as [his codefendant]. The Court imposed the sentence based upon the sentencing assessment report, [M]ovant's own criminal history, and [M]ovant's own conduct during and after the robbery." Movant then filed the present appeal.

Appellate review of decisions under Rule 24.035 is limited to a determination of whether the findings and conclusions of the motion court were "clearly erroneous." Briley v. State, 464 S.W.3d 537, 542 (Mo. App. E.D. 2015). The motion court's findings and conclusions are presumed correct and are considered "clearly erroneous if a review of the entire records leaves the firm and definite impression that a mistake has been made." Woolridge v. State, 239 S.W.3d 882, 885 (Mo. App. E.D. 2007). Movant bears the burden to demonstrate by a preponderance of the evidence that the motion court clearly erred. Melton v. State, 260 S.W.3d 882, 885 (Mo. App. E.D. 2008).

In order for Movant to be entitled to a Rule 24.035 evidentiary hearing, "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant." Stubbs v. State, 171 S.W.3d 139, 142 (2005) (quotations omitted). Here, the facts alleged are refuted by the record. In particular, at the sentencing hearing, the court noted that it considered "the arguments of counsel for defendant as well as the recommendations of the State and the pre-sentence assessment investigation" when imposing Movant's eighteen-year sentence. Counsel for defendant argued for a fifteen-year sentence, and the State recommended a thirty-year sentence. While the pre-sentence assessment investigation is not part of our record, we have no reason to believe that it included the erroneous suggestion that Movant's codefendant was sentenced to eighteen years imprisonment. Moreover, the court did not mention Movant's codefendant's sentence when imposing Movant's sentence. Accordingly, the facts alleged in Movant's post-conviction motion were refuted by the record, and Movant was not entitled to an evidentiary hearing.

Moreover, Movant cannot show any prejudice resulting from his counsel's

actions. In the context of a claim of ineffective assistance of counsel at sentencing, a movant "must show a reasonable probability that, but for counsel's errors, a more lenient sentence would have been imposed." Erickson v. State, 364 S.W.3d 723, 727 (Mo. App. W.D. 2012). The motion court was presided over by the same judge who sentenced Movant, and in ruling on Movant's post-conviction motion, it explicitly stated that the sentence was not based upon the court's belief that Movant was receiving the same sentence as his codefendant. Thus, even if the prosecutor's statement regarding codefendant's sentence was false, we know it did not play any part in Movant's sentence . . . .

It was not clear error to deny Movant's Rule 24.035 post-conviction relief motion without an evidentiary hearing.

Point denied. Judgment affirmed.

[8-5 at 3-6]. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, petitioner must prove two elements of his claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, petitioner "must show that the deficient

performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Under these standards, the state court's determination that petitioner did not receive ineffective assistance of counsel is entitled to deference as the decision was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts in light of the evidence presented at the Rule 24.035 hearing. *See* 28 U.S.C. § 2254(d)(1) and (2); *Williams*, 529 U.S. at 379. As such petitioner's habeas petition is denied.

Petitioner's request for evidentiary hearing will be denied. Generally, an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. § 2254(e)(2). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In addition, a federal habeas court must take into account "the deferential standards" under the AEDPA

that "control whether to grant habeas relief." *Id.* A habeas court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.* (internal quotation marks and citation omitted). As petitioner's claims are conclusively refuted by the record, the Court denies petitioner's request for an evidentiary hearing. *See Crawford v. Norris*, 363 Fed. Appx. 428, at *2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not entitled him to relief under the relevant standard, then an evidentiary hearing is not required.").

As petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2018.